# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-0039V
### Filed: March 29, 2018
UNPUBLISHED

---

JANICE ENNEN,

                 Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                 Respondent.

Special Processing Unit (SPU);
Attorneys' Fees and Costs

---

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for petitioner.
*Traci R. Patton, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 11, 2017, Janice Ennen ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on November 3, 2015. Petition at 1. On November 3, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 27).

On March 1, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 32). Petitioner requests attorneys' fees in the amount of $14,799.10 and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $1,224.56.  (*Id.* at 1-2).  Additionally, in compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred $209.57 in out-of-pocket expenses. (*Id* at 2). Thus, the total amount requested is $16,233.23.

On March 12, 2018, respondent filed a response to petitioner's motion.  (ECF No. 34).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1).  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2).  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  (*Id.* at 3).

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates with the following exceptions.

The undersigned notes that attorney Meredith Daniels billed 0.60 hours of time at a rate of $286 per hour on researching travel options and booking travel arrangements.[3] (ECF No. 32 at 9.)  These tasks are better characterized as secretarial in nature and are therefore not compensable.  *See, e.g. Mooney v. HHS*, No. 05-266, 2014 WL 7715158, at *11 (Fed. Cl. Spec. Mstr. Dec. 29, 2014)(noting that "tasks which are secretarial in nature represent overhead expenses and are thus not compensable.")  Thus, the undersigned reduces petitioner's counsel's fees by $171.60.

The undersigned has also reviewed the costs submitted with petitioner's request and finds a reduction in the amount of costs to be awarded appropriate. Ms. Daniels seeks reimbursement of $12.87 in costs associated with items lost due to lost luggage by the airport. These costs would be considered non-compensable as discussed above. (ECF No. 32 at 13). The undersigned reduces the cost request by $12.87.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[3] This total represents: 0.60 hours of time billed at $286 per hour for a total of $171.60; "Research travel options and make appropriate reservations for upcoming visit with client." (ECF No. 32 at 9).

**Accordingly, the undersigned awards the total of $16,048.76[4] as follows:**

- **A lump sum of $15,839.19, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Ronald Craig Homer; and**

- **A lump sum of $209.57, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.